IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
WICHITA FALLS DIVISION

JOHN MICHAEL LAYER,           §
Petitioner,                   §
                              §
v.                            §          Civil Action No. 7:13-CV-035-O-KA
                              §
WILLIAM STEPHENS, Director,   §
Texas Department of Criminal Justice,  §
Correctional Institutions Division,    §
Respondent.                   §

## FINDINGS, CONCLUSIONS AND RECOMMENDATION

By Order of Reference (ECF 28), this cause was referred to the undersigned for further

review, a hearing, if necessary, and findings of fact, conclusions of law, and recommendation.

Petitioner John Michael Layer seeks habeas corpus relief in this Court  pursuant to 28 U.S.C. §2254

and Rules 8(b) and 10 of the Rules Governing Section 2254 Proceedings in the United States District

Courts.  Petitioner Williams challenges the Director's custody of him pursuant to the judgments and

sentences out of the 89th District Court of Wichita County, Texas.

## PROCEDURAL BACKGROUND

On August 7, 2009, Petitioner Layer was convicted by a jury on four counts of aggravated

sexual assault on a child and was sentenced to life imprisonment on each count to run consecutively.

Layer  took a direct appeal to the 2nd Court of Appeals which affirmed his conviction with a written

opinion.[1] He further sought discretionary review by the Court of Criminal Appeals, but his petition

was refused without written opinion or order.[2] Thereafter Layer filed a petition for writ of habeas

---

[1]      ECF 23-1, pp. 21-46 and at 2011 WL 1331538 (2011)

[2]      ECF 17-2 and ECF 38, p.2.

corpus in state court, but that too was denied on July 18, 2012 without written opinion.[3] On March 28, 2013, within the one year limitations period, Layer filed his Petition in this court. He has been permitted to proceed *in forma pauperis*.

## LAYER'S CLAIMS

By his petition in this court, Layer alleges five grounds for relief, summarized as follows:

1.  That the prosecution knowingly used perjured testimony from the complainant.
2.  That the prosecution committed misconduct by repeatedly using the term "victim" to describe the complainant.
3.  That the prosecution used an unlicensed expert to provide expert testimony.
4.  That the prosecution presented an unrelated extraneous offense (stale by passage of time).
5.  That his counsel was deficient in three particulars:
    a.  by his failure to acquire reasonable knowledge of sexual abuse forensics.
    b.  by failing to obtain and expert witness for rebuttal.
    c.  by failing to notify Layer of a plea bargain offer.

## STATE'S RESPONSE

In response, the State acknowledges that except for his first claim relating to the alleged use of perjured testimony, Layer has exhausted all of his other claims at the state court level. As to those exhausted claims, the State alleges that those claims were fully presented to and considered by the state courts but were correctly determined by those courts against Layer and that those state court determinations, being presumptively correct, are procedurally barred from review or consideration by this court. Furthermore, the State alternatively claims that those claims also lack merit.

## STANDARDS FOR REVIEW

The applicable standards for habeas corpus review of a state criminal case are firmly established and are recently articulately summarized in *Armstrong v. Stephens*, 2014 U.S.Dist.

---

[3]      ECF 20-1, p. 2.

LEXIS 128363, page 6 (N.D.Tex.2014, J. McBryde). As follows:

> "A § 2254 habeas petition is governed by the heightened standard of review provided for by the Anti-Terrorism and Effective Death Penalty Act (AEDPA). 28 U.S.C. § 2254. Under the Act, a writ of habeas corpus should be granted only if a state court arrives at a decision that is contrary to or an unreasonable application of clearly established Supreme Court precedent or that is based on an unreasonable determination of the facts in light of the record before the state court. *Harrington v. Richter*, 562 U.S. 86, 131 S. Ct. 770, 785, 178 L. Ed. 2d 624 (2011); 28 U.S.C. § 2254(d)(1)-(2). This standard is difficult to meet and "stops short of imposing a complete bar on federal court relitigation of claims already rejected in state proceedings." *Harrington*, 131 S. Ct. at 786.

> Additionally, the statute requires that federal courts give great deference to a state court's factual findings. *Hill v. Johnson*, 210 F.3d 481, 485 (5th Cir. 2000). Section 2254(e)(1) provides that a determination of a factual issue made by a state court shall be presumed to be correct. The applicant has the burden of rebutting this presumption of correctness by clear and convincing evidence. 28 U.S.C. § 2254(e)(1); *Miller-El v. Cockrell*, 537 U.S. 322, 340, 123 S. Ct. 1029, 154 L. Ed. 2d 931 (2003); Williams v. Taylor, 529 U.S. 362, 399, 120 S. Ct. 1495, 146 L. Ed. 2d 389 (2000). Typically, when the Texas Court of Criminal Appeals denies relief in a state habeas corpus application without written opinion, as in this case, it is an adjudication on the merits, which is entitled to the presumption. *Singleton v. Johnson*, 178 F.3d 381, 384 (5th Cir. 1999); Ex parte Torres, 943 S.W.2d 469, 472 (Tex. Crim. App. 1997). Under these circumstances, a federal court may assume the state court applied correct standards of federal law to the facts, unless there is evidence that an incorrect standard was applied. *Townsend v. Sain*, 372 U.S. 293, 314, 83 S. Ct. 745, 9 L. Ed. 2d 770 (1963)1; *Catalan v. Cockrell*, 315 F.3d 491, 493 n.3 (5th Cir.2002); *Valdez v. Cockrell*, 274 F.3d 941, 948 n.11 (5th Cir. 2001); *Goodwin v. Johnson*, 132 F.3d 162, 183 (5th Cir. 1997)."[4]

## EXHAUSTION STANDARD

The standard for determination of whether an issue has been exhausted at the state court level

is recently and articulately recited in *Gill v. Cockrell*:[5]

> "Issues raised in a federal habeas corpus petition must have been fairly presented to the state courts and thereby exhausted. See *Anderson v. Harless*, 459 U.S. 4, 6, 74

---

[4]     See also *Orono v. Stephens*, 2013 U.S.Dist. LEXIS 9965, p.6-8 (N.D.Tex. 2013).

[5]     2003 U.S. Dist. LEXIS 6025, p. 5 (N.D. Tex. 2003)

L. Ed. 2d 3, 103 S. Ct. 276 (1982) (per curiam). An applicant's federal writ of habeas corpus shall not be granted unless the applicant exhausted his state court remedies. 28 U.S.C. § 2254(b). A claim must be presented to the highest court of the state to satisfy the exhaustion-of-state-court-remedies requirement. *O'Sullivan v. Boerckel*, 526 U.S. 838, 839-40, 144 L. Ed. 2d 1, 119 S. Ct. 1728 (1999); *Richardson v. Procunier*, 762 F.2d 429, 430 (5th Cir. 1985); *Carter v. Estelle*, 677 F.2d 427, 443 (5th Cir. 1982), cert. denied, 460 U.S. 1056, 75 L. Ed. 2d 937, 103 S. Ct. 1508 (1983). A Texas prisoner may satisfy the exhaustion requirement by presenting *both the factual and legal substance* of his claims to the Texas Court of Criminal Appeals in either a petition for discretionary review on direct appeal or a state habeas corpus application. *Bautista v. McCotter*, 793 F.2d 109, 110 (5th Cir. 1986); *Richardson*, 762 F.2d at 432; see also *Stones v. Hargett*, 61 F.3d 410, 415 (5th Cir. 1995) exhaustion of state remedies may be accomplished either directly or collaterally); *Lowe v. Scott*, 48 F.3d 873, 875 (5th Cir.)(noting that a petitioner who seeks to pursue an issue that he failed to raise on direct appeal must use available state collateral procedures to satisfy the exhaustion requirement), cert. denied, 515 U.S. 1123, 132 L. Ed. 2d 282, 115 S. Ct. 2278 (1995). A claim is fairly presented only if the petitioner relies upon *identical facts and legal theories* in both the state court proceeding and the action for federal habeas corpus relief. *Picard v. Conner*, 404 U.S. 270, 278, 30 L. Ed. 2d 438, 92 S. Ct. 509 (1971)."

## EXHAUSTION ANALYSIS

The State initially argues that Layer's complaint regarding the alleged use of perjured testimony is unexhausted, hence barred from consideration by this court.[6] The state asserts that Layer did not raise this claim in his state court on direct appeal, in his petition for discretionary review or by his petition for writ of habeas corpus thereby denying the state a reasonable opportunity to address this claim. Therefore, the state argues that Layer is procedurally barred from presenting this claim back in state court through the application of the "abuse of writ" doctrine what has consistently been applied in Texas.[7] Layer replies to the State's argument by asserting that he exhausted his state remedies by raising this very issue before the Texas Court of Criminal Appeals

---

[6]   ECF 25, p. 14.

[7]   Citing *Nobles v. Johnson*, 127 F.3d 409, 423 (5th Cir. 1997) and *Emery v. Johnson*, 139 F.3d 191, 196 (5th Cir. 1997).

in his petition for discretionary review that was denied without written order.[8]   He further asserts

that the denial by the State could not have been on the grounds of any procedural deficiency on his

part. The resolution of the exhaustion issue as well as the merits of the claim mandates an initial

review of the sequence of events regarding the challenged testimony of the complaining child who

testified at trial.

### The Challenged Testimony[9]

Layer was indicted and tried on four counts of alleged aggravated sexual assault on a child,

referred to as "A.L.L." in court proceedings to protect the child's identity.  A.L.L. initially made an

outcry against Layer to a school counselor. She made a later statement to an investigating police

officer.  She was interviewed by a child advocacy center worker under the observation of the police

officer. The next day she was again interviewed by the police officer.  Four months later, A.L.L.

recanted her statements by letter.  But at trial almost a year later she recanted her written recantation

and testified affirmatively about the assaults.

### The Challenges

On his direct appeal, Layer challenged A.L.L.'s testimony on the legal ground that her

recanted--recanted  testimony could not supply sufficient evidence to support the conviction on

counts 2, 3 or 4. This was presented to the Court of Appeals in the form of a sufficiency of the

evidence challenge.[10]   On his *pro se* petition for discretionary review he asserted that A.L.L.'s

---

[8]      ECF 43, pp. 3-5.

[9]      From the summary of the testimony made by the Court of Appeals in its opinion
on Layer's direct appeal. ECF 17-3, pp. 4-14.

[10]     Appellant's Brief, ECF 19-4, pp. 3-5.

"falsified outcry" evidence would not support the convictions on counts 2, 3 or 4.[11]  Layer did not

raise this issue on his state habeas corpus petition.[12]  Now on his Federal petition, Layer claims that

not only was A.L.L's trial testimony perjured but also the prosecution knew it was perjured and used

it anyway.  In his Reply Layer claims that argument that his "convictions were gained through the

knowing use of perjured testimony" and that he made "the exact argument that was presented on

(PDR)...."[13]  He further argues that the prosecutor "threatened (ALL) and her family to force (ALL)

to take back her recantation" and that a prosecutor "must not be permitted to use threats to force a

witness to take back a recantation."[14] The State claims that this characterization by Layer of the trial

testimony of A.L.L. as "perjury" and his assertion that it was knowingly used by the prosecutor is

a new factual or legal theory not heretofore presented to the state courts within the prohibitions

established in *Picard* and its progeny.

## Perjury v. Inconsistency

The known solicitation of false testimony by the State may constitute a violation of due

process.[15]  But perjury is different from "mere conflicting testimony." *See Price v. Johnston*, 334

U.S. 266, 288 (1948) ("A mere claim that a witness gave *inconsistent testimony* is not enough to

charge the prosecution's knowing use of *false testimony*; it may well be that the witness' subsequent

statements were true, in which event the claim of inconsistency is not a constitutional objection.").

Even from the same witness, the conflicting testimony may arise from inconsistent statements of the

---

[11]     ECF 23-1, pp. 4, 15-18.

[12]     ECF 20-1, pp. 11-13.

[13]     ECF 23-1, p. 3.

[14]     ECF 43, p. 8.

[15]     *Barrientes v. Johnson*, 221 F.3d 741, 753 (5th Cir. 2000).

witness or conflicts between different witnesses as in *United States v. Scarborough*, 43 F.3d 1021,

(6th Cir. 1994) wherein the court observed, "Finally, defendant makes allegations of government

misconduct concerning subornation of perjury and falsification of evidence. While the knowing use

of false or perjured testimony on the part of the government would entitle defendant to a new trial,

"mere inconsistencies in testimony by government witnesses do not establish knowing use of false

testimony." *Id*. 1026.

Pleading Analysis

It is to be noted that the "falsified outcry" allegation was made for the first time in Layer's

state petition for discretionary review which was denied.  In the absence of a written order there is

no showing whether the denial was based upon procedural grounds or upon the merits.  Layer argues

strenuously that the denial cannot be based on any procedural deficiency on his part. While this

court is to presume that its denial is "upon the merits," there were no fact findings or legal

conclusions presented by which this court may determine the reasonableness of that court's denial.

Nonetheless, there is no factual evidence in the trial record, nor has petitioner alleged any facts, that

the prosecution "knew" that A.L.L.'s trial testimony was false. Which version of the recanted

testimony or recanted-recanted testimony was true or was false was left up to the determination of

the jury that had sole province  to determine the credibility of the witnesses before it, including the

testimony A.L.L.

In addition to arguing that the prosecution knew that A.L.L.'s trial testimony was false,

Layer now claims before this court that the prosecutor "threatened (ALL) and her family to force

(ALL) to take back her recantation" and that a prosecutor "must not be permitted to use threats to

force a witness to take back a recantation."[16]  The record before the trial court does not support any finding that any member of law enforcement or of the prosecution team "threatened" A.L.L. or otherwise placed her "under duress" to recant her written recantation of her outcry statements.  The record does reflect that members of the prosecution team did advise A.L.L.'s mother, Mary Layer, to testify truthfully before the grand jury and informed her that failure to do so could result in a prison term.[17]  A.L.L. acknowledged that she heard about perjury from her own mother Mary Layer.[18] But it was Mary Layer's own testimony that this proposition may have been overheard by A.L.L. during Mary's telephone conversation with her brother.  And A.L.L. confirmed that it was her mother who so informed her not any member of the prosecutor's office.[19]  The record simply does not support any part of Layer's claim.

Bearing in mind the admonition that a *pro se* petitioner's allegations are to be construed liberally and not to be measured by standards applicable to lawyers,[20] I find that in his state court proceedings Petitioner Layer did pose the factual argument that A.L.L.'s trial testimony was "falsified outcry" (perhaps a functional equivalent to "perjury").  But I find that the proposition was presented in the context of a legal proposition, a challenge to the sufficiency of the evidence, not as a claim of knowing use of perjured testimony.  The Question for Review section of Layer's petition for discretionary review specifically references the legal sufficiency of the claimed "falsified outcry

---

[16]     ECF 43, p. 8.

[17]     ECF 18-2, pp.18-19.

[18]     ECF 18-1,pp.20-21.

[19]     *Id.* p.24.

[20]     *Haines v. Kerner*, 404 U.S. 519, 520-21 (1972).

evidence" to support his convictions.[21] It was not presented in support of the legal proposition that the prosecution violated his Sixth Amendment right to a jury trial by the prosecution's misconduct in its use. While the "gist" of Layer's claim in the state courts and in this court is that A.L.L.'s testimony at trial was false, similar "gist" is not sufficient. *Nobles v. Johnson*, 127 F.3d 409, 420 (5th Cir. 1997). Holding that Nobles did not fairly present his claim to the state courts, thereby precluding federal court review, the court opined:

> "On appeal, Nobles urges us to entertain his re-postured ineffective assistance of counsel claim because the "gist" of it, and the factual issues, are the same as those involved in his ineffective psychiatric assistance claim. The district court rejected this argument, finding that the claims implicate "two wholly different inquiries" and that Nobles thus did not fairly present his ineffective assistance of counsel claim to the state courts. We agree with the district court." p. 420

<u>Factual Claim or Legal Theory Claim</u>

Normally, the exhaustion requirement is not satisfied if a petitioner presents *new legal theories* or entirely new factual claims in his petition to the federal court. *Brown v. Estelle*, 701 F.2d 494 (5th Cir.1983); *Winfrey v. Maggio*, 664 F.2d 550, 553 (5th Cir.1981); *Hart v. Estelle*, 634 F.2d 987, 989 (5th Cir.1981); *Messelt v. State of Alabama*, 595 F.2d 247, 250 (5th Cir.1979). Thus, where petitioner advances in federal court an argument based on a *legal theory* distinct from that relied upon in the state court, he fails to satisfy the exhaustion requirement. *Anderson v. Harless*, 459 U.S. 4, 103 S. Ct. 276, 278, 74 L. Ed. 2d 3 (1982). In *Neville, v. Dretke*, 423 F.3d 474 (5th Cir. 2005) the court stated that " ...[t]he Supreme Court has found that not only must a petitioner present the state court with his claim, but he must also *alert* the state court of the constitutional nature of the claims. *See Duncan v. Henry*, 513 U.S. 364, 366, 130 L. Ed. 2d 865, 115 S. Ct. 887 (1995) ('If state courts are to be given the opportunity to correct alleged violations of prisoners' federal rights, they must

---

[21]       ECF 23-1, pp. 7, 13

surely be *alerted* to the fact that the prisoners are asserting claims under the United States Constitution.... the mere similarity of claims is insufficient to satisfy the exhaustion requirement. ')" (*Emphasis Supplied*).

I find that Layer's claim made before the Texas Court of Criminal Appeals in his petition for discretionary review was not sufficient to alert the state courts to the legal theory that the prosecution made knowing use of perjured testimony. I find that Layer's claim in this court based upon his assertion that the prosecution knowingly used perjured testimony is a claim based on a new legal theory that is unexhausted at the state level. Accordingly, I conclude that this court is procedurally barred from considering this claim on its merits. Further, since consideration of this claim by the state courts would be barred by the application of the "abuse of writ" doctrine, I recommend to the District Court that this claim be DENIED.

Alternatively, I further find that the trial court record does not support Layer's claim that the prosecution either coerced A.L.L. to recant her recantation or otherwise knowingly used perjured or false testimony. The trial court record reflects that this issue was fully explored during the trial. On the basis of the record made in the trial court as to the complainant's outcry, her written recantation and her later testimonial recantation of her written recantation, I find that the record wholly supports the implied denial of this claim by the state habeas court. In this regard, no reasonable jurist would find otherwise. In the absence of any alleged facts in support on his claim beyond those shown in the trial record, Layer's claim is wholly conclusory. For these reasons, I also recommend to the District Court that this claim be DENIED for its lack of merit.

<u>Prosecution Misconduct Claim</u>

Layer claims that the prosecution committed misconduct by repeatedly using the term

"victim" to describe the complainant.  Prosecutorial misconduct, when alleged in habeas corpus proceedings, is reviewed to determine whether it "'so infected the [trial] with unfairness as to make the resulting [conviction] a denial of due process.'" *Donnelly v. DeChristoforo*, 416 U. S. 637, 643 (1974); *Barrientes v. Johnson*, 221 F.3d 741, 753 (5th Cir. 2000) (quoting *Ables v. Scott*, 73 F.3d 591, 592 n.2 (5th Cir. 1996)); accord *Greer v. Miller*, 483 U.S. 756, 765 (1987).  To constitute a due process violation, the prosecutorial misconduct must be "of sufficient significance to result in the denial of the defendant's right to a fair trial." *United States v. Bagley*, 473 U.S. 667, 676 (1985) (quoting *United States v. Agurs*, 427 U.S. 97, 108 (1976)).  When thus attacked, prosecutorial comments are not considered in isolation, but are evaluated in the context of the entire trial as a whole including the prosecutor's entire closing argument. *Kirkpatrick v. Blackburn*, 777 F.2d 272, 281 (5th Cir. 1985).  To establish that a prosecutor's remarks are so inflammatory as to prejudice the substantial rights of a defendant, the petitioner must demonstrate either persistent and pronounced misconduct or that the evidence was so insubstantial that (in probability) but for the remarks no conviction would have occurred. *Felde v. Blackburn*, 795 F.2d 400, 403 (5th Cir. 1986). The burden is on the petitioner to establish that the evidence against him was so insubstantial that but for the prosecutor's remarks no conviction would have occurred. *Id*. at 403.

This issue was raised by Layer in his state court habeas petition.[22]  But denied without written order.[23]  Such denial is deemed to be "on the merits."  Apart from his conclusory and speculative statement that the prosecution's repeated use of the word "victim" in describing the complainant-witness A.L.L. resulted in "inflaiming [sic] the passion of the jury to divert their focus

---

[22]     ECF 20-1, p. 11.

[23]     *Id*. p. 2.

to the accused instead of remaining on the evidence,"[24]   Petitioner wholly fails to allege any facts, or otherwise demonstrate, whether or how the jury's attention was diverted or affected in any way by the use of that term, leaving this court only to speculate.   The trial court transcript reflects repeated use of the term "victim" by the Defendant's own counsel in referencing Layer himself as well as A.L.L. In affirming Petitioner's convictions, the Court of Appeals fully reviewed the complete statement of facts in the trial, summarized the evidence presented by the prosecution, discussed the recanting of the recanting by A.L.L., a determined that the evidence was legally and factually sufficient to support the jury's finding of guilty of petitioner on all four counts.[25]   This finding and holding by the Court of Appeals on Layer's direct appeal was not unreasonable on the basis of the record before it.   In the absence of any facts showing that the jury was somehow influenced by the use of the term, Petitioner has not shown that absent the prosecutor's use of the term "victim" he would not have been convicted of one or more of the charges. I find that Layer has not shown, and cannot show, that the state habeas courts' determination that this claim lacked merit was an unreasonable determination of the facts in the light of the evidence. Therefore, I recommend to the District Court that this claim be DENIED.

<u>Use of Unqualified Expert Witness</u>

Layer complains that he was deprived of a fair trial as mandated by 14th Amendment due process by the "Permitting a non-licensed witness, (Ms. Moran), to provide expert testimony in the

---

[24]     ECF 3, p. 6.

[25]     See *Layer v. State*, 2011 WL 1331538, p. 10 (Tex. App.-Fort Worth, April 7, 2011.)("We hold that the evidence is legally sufficient to support Layer's conviction on all four counts, and we overrule Layer's first issue.")

form of an opinion involving a conclusion of law."[26]  Layer made this claim in his state court habeas petition alleging, "Allowing a non-licensed witness to testify "Ms. Moran" thus diminishing the fact-finding process, as a witness cannot give an opinion that involves a conclusion of law."[27]  The trial court statement of facts reflects that Ms. Moran was a child advocacy counselor contacted by A.L.L.'s school counselor following A.L.L.'s outcry that Layer had molested her. Moran conducted a forensic interview of A.L.L. during which A.L.L. told Moran of numerous acts of sexual abuse of her by Layer.  Ms. Moran was called was a witness by the State and for 58 pages in the trial transcript she testified regarding her forensic interview of A.L.L.  She testified regarding her prior educational and work history and experience.  She testified that although she had obtained a Masters degree in counseling, she was not licensed as a Licensed Professional Counselor (LPC).   During the course of her testimonial examination, the only opinion question she was asked relating to a question of law is whether she was an "outcry" witness thereby permitted to testify in court.

Article 38.072 of the Texas Code of Criminal Procedure establishes the conditions under which a child's outcry statement regarding a sexual assault made to an adult witness may be admitted as evidence before the jury in a sexual assault criminal case notwithstanding it would ordinarily be excluded as hearsay.  Pursuant subsection (b) (2) of Article 38.072, the trial court conducted a hearing outside of the presence of the jury as to Ms. Moran"s qualifications and as to the manner of conducting the forensic interview.  The trial court found that A.L.L.'s statement as related by Ms. Moran was reliable based upon the time, the content and the circumstances of the outcry statement so as to permit Ms. Moran to testify as an outcry witness.  Whether licensed or not

---

[26]     ECF 3, p. 6.

[27]     ECF 20-1, p. 11.

as an LPC, her fact testimony regarding the statements made to her by A.L.L. that described alleged offenses was admitted by the trial court and heard and considered by the jury. Her legal opinion as to whether she was a proper "outcry" witness was not controlling as to the ultimate legal issue which the court decided, to-wit: that her testimony relating the statements made by A.L.L. during the forensic interview could be admitted into evidence before the jury notwithstanding the statements were hearsay in nature. Under the Texas statutes relating to "outcry" statements, licensing of the witness is not controlling. Similarly, neither the Constitution of the United States nor its statutes nor its rules of procedure or evidence mandate the licensing of witnesses, outcry or otherwise. Since A.L.L. was made available to the defense for purposes of cross-examination, and extensive cross-examination was conducted, the admission of hearsay in the form of A.L.L.'s outcry statements was neither error nor violation of due process. The Court of Criminal Appeals' presumptive denial of this claim on the merits in Layer's habeas proceeding was reasonable. Accordingly, I recommend to the District Court that this claim be DENIED.

## Extraneous Offense

Layer complains that during the guilt/innocence phase of his trial, the state called a female witness identified as K.S.A.T. who testified that Layer had sexual contact with her when she was a child. On his direct appeal, Layer asserted that the trial court abused its discretion in admitting K.S.A.T.'s testimony concerning this extraneous offense. Upon a review of the record, the Court of Appeals held that the trial court did not abuse its discretion because Layer's counsel opened the door to the admission of this testimony by raising in his opening argument the issue of the credibility

14

of the child-complainant's testimony concerning Layer's sexual contact with this witness.[28]  On his

state habeas petition Layer asserted that the event to which K.S.A.T. testified was so stale[29] as to not

justify the application of the "opening door" exception to the exclusionary rule applicable to

extraneous offenses.[30]  This proposition was impliedly rejected by the Court of Criminal Appeals

by its denial of his state habeas petition.

Ordinarily, matters regarding the admission or exclusion of evidence in a state criminal trial

are not matters for habeas review by the federal courts. *Estelle v. McGuire*, 502 U.S. 62, 67-68

(1991); *Pemberton v. Collins*, 991 F.2d 1218, 1226 (5th Cir. 1993).  A state court's evidentiary

ruling presents a cognizable habeas claim only if it runs afoul of a specific constitutional right or

renders the trial fundamentally unfair. *Johnson v. Blackburn*, 778 F.2d 1044, 1050 (5th Cir.1985).

And unless the admission of evidence is error, there is no occasion for the federal court to review

the issue.

It is a cardinal principle of the common law that the prosecution may not use evidence of

prior criminal acts in its case-in-chief to prove that the defendant committed the crime with which

he is presently charged. *See*, *Michelson v. United States*, 335 U.S. 469, 475-476, 69 S.Ct. 213, 93

L.Ed. 168 (1948). "The general rule is that evidence of another crime unconnected with the one on

---

[28]    ECF 17-3,  p.25 referring to the Layer's opening argument at ECF 17-9, p. 11
        transcript page 15, lines 14-22 (" Because at the end of the day, the question that
        you're going to have to address is: Did Jon do what the little girl had to say or is
        she making it up? And then you might want to ask —start asking yourself some
        subsidiary questions, such as if she is making it up, or if she's not making it up,
        what evidence do we see that would corroborate her recitation of facts?)

[29]    "Over two decades prior" to the trial.

[30]    ECF 20-1, p. 11.

trial is inadmissible, but this rule is subject to a number of exceptions, the first of which is that evidence of other offenses by the accused is admissible to show his criminal intent as to the offense charged, where the other offenses are similar to and not too remote from that charged, and where intent is in issue as an element of the offense charged." *Weiss v. United States*, 122 F.2d 675, 682 (5th Cir. 1941), *cert. denied*, 314 U.S. 687, 62 S.Ct. 300, 86 L.Ed. 550 (1941). (*Emphasis Supplied*).

These general principals have been codified in Rule 404 (b) of the Texas Rules of Evidence which essentially tracks Rule 404(b) of the Federal Rules of Evidence. These Rules provide that evidence of other crimes, wrongs, or acts is not admissible to prove the character of a person in order to show that he acted in conformity therewith. These Rules are codifications of the traditional common–law position that a person is to be tried only for the crime of which he is accused, not on the basis of "bad character." The rationale for these Rules is the fear that the jury may convict a man because he is "bad" and deserves to be punished, or that the jury may give too much weight to the "other crimes" evidence and assume that because the defendant committed a crime once, he must have committed the crime with which he is presently charged.[31]

Both the Texas Rule 404 (b) and the Federal Rule 404(b) recognize that apart from issues of the defendant's character, other issues warrant the application of exceptions to the rule of exclusion of extraneous-offense evidence. It is often admitted to prove intent, design and scheme. Texas case law allows the presentation of extraneous-offense testimony where it is offered to rebut a defensive theory raise by the defendant in argument or testimony. See *Powell v. State*, 63 S.W.3d 435, 438–40 (Tex. Crim. App. 2001) (in prosecution for indecency with a child, defendant's *opening statement* that he *lacked opportunity* to molest the complainant under the circumstances of the

---

[31]      41 A.L.R. Fed. 497.

charged offense opened the door to admission of extraneous-offense evidence that defendant molested others under almost identical circumstances to rebut defendant's lack of opportunity defensive theory); *see also Daggett v. State*, 187 S.W.3d 444, 453–54 (Tex. Crim. App. 2005) (in prosecution for sexual assault of [a] child under seventeen, defendant's *sweeping direct-examination* testimony disavowing any sexual misconduct with minors opened the door to admission of extraneous-offense evidence of defendant's sexual misconduct with another minor *to rebut* this sweeping testimony). The Texas Court of Criminal Appeals further noted that " The issue does not necessarily turn on the type of defense presented, but on whether the extraneous-offense evidence has non-character-conformity relevance by, for example, rebutting a defensive theory or making less probable defensive evidence that undermines an elemental fact. *Bass v. State*, 270 S.W.3d 557, 562 (2008).

Addressing the justification of the state court in admitting the testimony and evidence of an extraneous offense, the state argues that the admission of an extraneous offense is constitutionally permissible if the other evidence in the case strongly reflects that the defendant committed the charged offense **and** the extraneous offense is rationally connected to it. *Enriquez v, Procunier*, 752 F.2d 111, 115 (5th Cir. 1984). Here, the charged offenses involved Layer's sexual contact with a child, just as did the extraneous offense offered. If a comparison of the subject matter of the offered offense to the charged offenses is all that is necessary, then clearly the offenses were "rationally connected." However, the thrust of Layer's assertion in his state habeas petition, as here, is that the offered offense was too remote in time to be thus "rationally connected" to the charged offenses. He alleges that two decades elapsed between them, clearly a significant period.

In addressing Layer's challenge to the use of the testimony of K.S.A.T. about Layer's sexual conduct upon her, the Court of Appeals determined that in his opening statement, Layer placed

before the jury the issue of A.L.L.'s credibility.  He raised not just the credibility an ordinary witness presents when a witness testifies but whether A.L.L.'s claims of sexual assault committed on her by Layer were fabricated or preposterous.  Thereby Layer's defensive position, telegraphed in his opening statement and demonstrated during the cross-examination of the witnesses, rendered the extraneous offense committed against K.S.A.T. not an issue of Layer's general character, but whether A.L.L.'s claims against Layer were preposterous.

In making that  determination concerning the admission of extraneous offense evidence, a District Court will not only evaluate the evidence in terms of the similarity requirement, but will also look to see whether the specific issue to which the evidence is directed is actually being contested and may also decide whether the crimes or acts revealed by the evidence *is too remote in time* from the offense with which the defendant is charged...(*Emphasis supplied*).  Remoteness in time is one of the factors the court is directed to consider in determining the probative value of the evidence juxtaposed against the prejudice to the defendant that may attend its admission.  *See United States v. San Martin*, 505 F.2d 918, 922 (5th Cir. 1974)(two misdemeanor offenses, nine and ten years earlier were too remote in time to have any legitimate probative value); *Lloyd v. United States*, 226 F.2d 9, 18 (5th Cir. 1955)(lapse of 8 years between the alleged offenses-caused lack of probative value).  Accordingly, time is one element of remoteness that has an effect on the evaluation of the probative value of the evidence offered.  But, the test for remoteness need not and indeed cannot be reduced to a simple rule of thumb based solely on the number of years that have lapsed between the prior crime and the present offense charged.  "The better test . . . is whether the prior crime is similar [enough] in nature and in its material elements to have clearly probative value with respect to the intent of the accused at the time of the offense charged." *United States v. Williams*, 299 Fed. Appx. 324, 327 (5th Cir. 2008) citing *U.S. v. Martin*, *supra*.

The Court of Appeals, though not directly opining upon the length of time between the

charged offenses and the events related by K.S.A.T. nonetheless impliedly found that the probative value of the K.S.A.T.'s testimony outweighed the prejudicial effect in might have had on the jury. The issue of time remoteness was not presented to the Court of Appeals. Rather it was raised by Layer in his state habeas petition but presumptively denied on its merits. Beyond his mere conclusory allegations, Layer has not established that the testimony of K.S.A.T. regarding the extraneous offense was so prejudicial as to vitiate the fairness of the trial.

I find that K.S.A.T.'s testimony is clearly "rationally connected" in its subject matter to Layer's charged offenses. I cannot find that K.S.A.T.'s testimonial event was so remote in time as to diminish its probative value as a rebuttal to Layer's defensive theory that A.L.L. fabricated her claims. I conclude that Court of Criminal Appeals' implied finding that the trial court did not commit error in admitting proof of the extraneous offense was not an unreasonable application of the facts or of the law applicable to those facts. As did the Court of Appeals on his direct appeal, I further find that there is the other evidence in the case strongly reflecting that Layer committed the charged offenses. Accordingly, I recommend to the District Court that this claim be DENIED.

<u>Ineffective Assistance of Counsel</u> (IAC)

Layer's first two claims regarding his trial counsel are that he failed to acquire reasonable knowledge of sexual abuse forensics and failed to obtain an expert witness for rebuttal. Neither of these claims were presented to the Court of Appeals, but were later presented to the Court of Criminal Appeals in his habeas corpus petition.

The *Strickland* [32] standard for review of ineffective assistance of counsel claims is well known and need not be repeated here. Layer's IAC claims are wholly conclusory and unsupported

---

[32]        *Strickland v. Washington,* 466 U.S. 668 (1984).

by any allegations of fact in support of the claims. He wholly fails to allege what further knowledge of sexual abuse forensics by his counsel would have afforded. And he wholly fails to identify what type or qualifications an un-named expert witness should have been engaged or to what facts or opinions such an expert would have testified. Based on the case law correctly and adequately summarized in Respondent's Response, I recommend to the District Court that these first two IAC claims by Layer be DENIED.

Layer's final IAC claim is that his counsel failed to communicate a plea offer from the prosecution. As the Respondent notes, the Supreme Court has recognized that counsel's failure to communicate a plea offer to the defendant can constitute ineffective assistance.[33] Where an IAC implicates such attorney error, a petitioner must not only prove such deficient attorney conduct, but also establish prejudice by demonstrating a "reasonable probability" that: (1) he would have accepted the plea offer; (2) the plea would have been entered without the prosecution canceling it or the trial court refusing to accept it; and, (3) "the end result of the criminal process would have been more favorable by reason of a plea to a lesser charge or a sentence of less prison time."[34]

Layer's bare allegation is "Counsel failed to notify defendant of an un-disclosed plea offer, (see Tom Allensworth's billing statement providing this fact), Defendant prejudiced by being deprived of having the opportunity to consider or accept plea offer instead of going to trial for a 5 to life sentence."[35] Respondent replies that the billing statement recites "See what type of offer Ben will make...I ask Ben if it will affect his as yet undisclosed plea offer. He says it might, but then

---

[33]     *Missouri v. Frye*, 132 S.Ct. 1399, 1404-05 (2012)

[34]     *Id.* at 1409.

[35]     ECF 3, p. 7.

again, might not." This language in the billing statement of Layer's trial counsel, does not support a reasonable inference that a plea offer was in fact made. Rather, it refers to an offer that the prosecution might make in the future.

"Absent evidence in the record, a court cannot consider a habeas petitioner's bald assertions on a critical issue in his *pro se* petition, unsupported and unsupportable by anything else contained in the record, to be of probative evidentiary value." *Ross v. Estelle*, 694 F. 2d 1008, 1011 (5th Cir. 1983) (citing *Woodard v. Beto*, 447 F. 2d 103 (5th Cir. 1971); *Schlang v. Heard*, 691 F.2d 796 (5th Cir. 1982). Layer has not met his burden of proof on this claim. He has not shown that any plea bargain offers were made by the State, nor that he would have accepted a plea bargain or that a court and the State would have accepted a plea bargain offer in this case.

As to each of these IAC claims, Layer has failed to meet either of the prongs of the *Strickland* standard applicable to claims of ineffective assistance of counsel. Accordingly, I recommend to the District Court that these three claims be DENIED.

Based upon the foregoing, I recommend to the District Court that Petitioner's Petition be in all things DENIED.

It is so ORDERED this 10th day of February, 2015.

*Robert K. Roach*

Robert K. Roach
UNITED STATES MAGISTRATE JUDGE

21

<u>Standard Instruction to Litigants</u>

A copy of this report containing findings, conclusions and recommendations shall be served on all parties in the manner provided by law.  Any party who objects to any part of this order, report, findings and recommendations must file specific written objections within 14 days after being served with a copy.  *See* 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b).  In order to be specific, an objection must identify the specific finding, conclusion or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's report and recommendation where the disputed determination is found.  An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific.  Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error.  *See Douglass v. United Services Automobile Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996).

It is so ORDERED this 10th day of February, 2015.

Robert K. Roach
UNITED STATES MAGISTRATE JUDGE

22